THE DETROIT SAVINGS BANK v. THADDEUS GALVIN
ET AL.

*Mortgage—Assignment—Bona fide holder.*

It is immaterial whether the assignee of a mortgage, who seeks to foreclose it, is or is not a *bona fide* purchaser, where the claims made by the defendant of its alteration after its execution, and of a partial failure of consideration, are not sustained by the evidence.

Appeal from Wayne. (Hosmer, J.) Argued January 18, 1894. Decided February 12, 1894.

Bill to foreclose three mortgages. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*John H. Bissell,* for complainant.

*Henry M. Cheever,* for defendants.

LONG, J. This bill was filed to foreclose three mortgages given upon certain real estate in the city of Detroit. The first was given September 12, 1888, for $16,500, to Stephen B. Grummond, to secure the payment of part of the purchase price of certain property sold by Grummond to defendants. This mortgage was assigned to complainant, January 5, 1889. The other two mortgages were given by defendants as additional security to complainant for extension of time, but no additional liability is claimed. The defense set up to the principal mortgage is:

1. That Mr. Grummond never delivered to defendants certain of the property sold, and for which the mortgage was given to secure part of the purchase price.

2. That the mortgage was not intended to cover and embrace certain machinery, tools, and a boiler situate upon

the property conveyed, and that the description of these articles was inserted in the mortgage after its execution.

3. That the complainant is not a *bona fide* purchaser and holder of the mortgage, and, therefore, whatever equities defendants have against Mr. Grummond may be asserted against the complainant.

From an examination of the testimony in the case, we are satisfied that there is no foundation for the claim that a description of the machinery, tools, and boiler was inserted in the mortgage after its execution, but that it was agreed between the parties that these articles should be included in the mortgage. It also very satisfactorily appears to us that the defendants had and received from Mr. Grummond all of the property they purchased, and for which the mortgage was given.

It follows from these views that the question of complainant's being a *bona fide* purchaser of the mortgage could not affect its rights. It was the owner, with right to foreclose, and there does not seem to be any claim against the mortgage which could have been set off against it in the hands of Mr. Grummond.

The decree must be affirmed.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.